# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# CIVIL DIVISION

| | |
|---|---|
| Valentin Spataru,<br>     Plaintiff,<br><br>v.<br><br>Rick Ramsay, et al.,<br>     Defendants. | Civil Action No. 4:19-CV-10132-KMM |

## MOTION TO DISMISS BY MONROE COUNTY DEFENDANTS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

### [Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(e)]

Defendants Monroe County, County Administrator Roman Gastesi, Monroe County "Department of Social Services," the "Office of the Commissioner of District 5," the "KL Mayor/Commissioner Office", and County Attorney Robert Shillinger (collectively, the "Monroe County Defendants"), by and through the undersigned attorney and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss the Amended Complaint filed by Plaintiff Valentin Spataru ("Plaintiff") on February 19, 2020, for failure to state a claim upon which relief can be granted.

Dismissal is appropriate for three reasons. First, the Amended Complaint identifies the Defendants inconsistently throughout the Complaint. The Amended Complaint fails to state a claim for relief as to Defendants "Monroe County Department of Social Services" or "Mayor/Commissioner Office and Commissioner Sylvia Murphy, City of Key Largo" because they are not legal entities and not *sui juris*.

Dismissal is also appropriate because the Amended Complaint is a rambling statement that appears to attempt to allege numerous violations of the U.S. Constitution, various federal statutes and one Monroe County ordinance, but makes no attempt to establish the elements of the claims, or identify with any kind of particularity which defendant allegedly committed the violation.

For all of the reasons stated, Defendants respectfully request that the Motion to Dismiss be granted and that the Amended Complaint be dismissed as to the Monroe County Defendants.

In the alternative, the Monroe County Defendants move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

Monroe County Defendants offer the following Memorandum of Law in support of their Motion.

**A. The Amended Complaint Fails To Name the Defendants Consistently or Clearly. Also, Three of The Defendants ("MC Department of Social Services, "KL Mayor/Commissioner Office" and "KL Mayor/Commissioner Sylvia Murphy") Are Not Valid Legal Entities and Therefore Not *Sui Juris*.**

**1. The Plaintiff has failed to clearly or consistently identify the Monroe County Defendants.**

In Paragraph 6 of the Amended Complaint, the Plaintiff lists a group of defendants that he calls "Group MC," which consists of Monroe County, "MC Department of Social Services", "KL Mayor/Commissioner Office," "KL Mayor/Commissioner Sylvia Murphy," and the County Administrator (as well as the State of Florida Department of Financial Services) as defendants. (Am. Complaint, ¶ 6.) However, in Paragraph 17 of the Amended Complaint, which purports to be part of a list of defendants, the Plaintiff lists the defendants as Monroe County, the Monroe County Department of Social Services, "The Office of the Commissioner (OC) of District 5 of MC – which includes the city of Key Largo (KL)-, Commissioner Sylvia Murphy," and County Administrator Roman Gastesi. (Am. Complaint, ¶ 17.)

A Certificate/Proof of Service on page 61 of the Amended Complaint, on the other hand, only lists three Monroe County defendants: "Monroe County (MC) and

its County Administrator, Roman Gastesi," and "Mayor/Commissioner Office and Commissioner Sylvia Murphy, City of Key Largo, . . .."

The only summons that has been served only lists one defendant: "Mayor/Commissioner Office and Commissioner Sylvia Murphy, City of Key Largo." (*See* Exhibit A attached hereto, Summons in a Civil Action.)

In short, dismissal is appropriate because the Plaintiff has failed to clearly or consistently identify the Monroe County Defendants.[1]

> **2. Three of the Monroe County Defendants listed in the Amended Complaint are not proper legal entities, and therefore not *sui juris*.**

Section 125.01(1)(b), Fla. Stat., provides that the governing body of a county has the power to "[p]rovide for the prosecution and defense of legal causes in behalf of the county or state and retain counsel and set their compensation"). However, the department of a county is not a legal entity and therefore not a proper defendant. *Silberman v. Miami-Dade Transit*, 927 F.3d 1123 (11th Cir. 2019) (affirming dismissal of complaint, on grounds that "Miami-Dade Transit" was not a legal entity

---

[1] County Attorney Robert Shillinger is not listed as a defendant in the Amended Complaint, except in the "Certificate/Proof of Service" beginning on page 61 of the Amended Complaint. However, the docket shown on PACER lists Mr. Shillinger as a defendant and the one summons that was served lists the Defendant as "Mayor/Commissioner Office and Commissioner Sylvia Murphy, . . . represented by Bob Shillinger, County Attorney, . . .." Out of an abundance of caution, this Motion is brought on behalf of County Attorney Shillinger as well.

capable of being sued). The same applies here to the "MC Department of Social Services."

Moreover, Paragraph 6 in the Amended Complaint lists the Defendants to include "KL Mayor/Commissioner Office, KL Mayor/Commissioner Sylvia Murphy." Under Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of the fact that Key Largo is not a municipality.[2] Sylvia Murphy is a Commissioner of the Board of County Commissioners for Monroe County, but there is no Mayor of Key Largo and no Commissioner of Key Largo. Neither is an entity that is *sui juris*.

For this reason as well, the Amended Complaint fails to state a proper claim and should be dismissed pursuant to Rule 12(b)(6).

### B. The Amended Complaint Fails To State Facts Sufficient To Form A Claim For Relief As To The Monroe County Defendants.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief; . . .." "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[2] "Census designated place (CDP) means a statistical entity recognized by the U.S. Census Bureau comprising a dense concentration of population that is not within an incorporated place but is locally identified by a name and which has boundaries defined on census maps.:" 7 C.F.R. § 1709.3. The 2010 U.S. census identified Key Largo as a census designated place (CDP). Therefore, by extension, it is not a municipality. https://www2.census.gov/library/publications/cen2010/cph-2-11.pdf

face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

The rambling allegations in this complaint fail to meet this test.

### 1. The Eighth Amendment allegation against the County Defendants is lacking in facts or elements sufficient to state a claim.

As one example: Beginning in paragraph 142 of the Amended Complaint, the Plaintiff alleges a violation of Amendment VIII to the U.S. Constitution, for cruel and unusual punishment. In paragraph 145, the Plaintiff appears to allege that he was arrested on some prior occasion (by other defendants) and transported to jail (by other defendants) under conditions he did not like. Then, in paragraph 146, the Plaintiff suddenly pivots and alleges that the Monroe County Defendants "are liable for cruel and unusual punishment by not providing after my accident on June 4th, 2013, proper housing and other social services, including health care and legal care, which injured me unreasonably." No factual nexus whatsoever is provided between the arrest and the transportation in paragraph 145, and the allegation that the County had some obligation to provide housing, other social services, health care and legal care and that somehow not providing affordable housing constitutes cruel and unusual punishment in paragraph 146.

This claim is also legally deficient on other grounds. Appellate courts have routinely rejected Eighth Amendment claims far more severe than the Plaintiff's. *See, e.g., Oliver v. Fuhrman*, 739 Fed. Appx. 968 (11th Cir. 2018) (rejecting a claim

by a prisoner that his prison meals constituted cruel and unusual punishment); *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."). No court has ever extended the Eighth Amendment to hold that a local government's alleged failure to provide "proper housing and other social services, including health care and legal care" in a non-arrest, non-custody situation (Am. Complaint, ¶ 146) violated the Eighth Amendment to the U.S. Constitution.

### 2. The Plaintiff's claim against Monroe County Defendants for alleged violation of 42 U.S.C. § 1985 fails to state a claim for relief.

As another example: In paragraph 129, the Plaintiff alleges that Monroe County, "MC Social Services, "KL Mayor/Commissioner Office", and other defendants (which he then identifies as "Group Gov") violated his rights under various Constitutional amendments and statutes, including, specifically, 42 U.S.C. § 1985.

In paragraph 179, the Plaintiff then says that he has "proved the elements of a claim for civil conspiracy by Defendants, . . .." The defendants are not listed. However, in paragraph 180, the Plaintiff then names the specific defendants who allegedly committed the violation of 42 U.S.C. § 1985 ( "Group LE," which includes specific named defendants). However, Group LE as listed in paragraph 179 <u>does not include</u> any of the Monroe County Defendants.

### C. In The Alternative, the Monroe County Defendants Move For A More Definite Statement Pursuant to Rule 12(e).

Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may move for a more definite statement to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e); *Betancourt v. Marina Cargo Mgmt.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996) (granting the motion for more definite statement); *Frederick v. Palm Beach Community College*, Case No. 07-80233-CIV, 2007 WL 9701855, at *1 (S.D. Fla. April 10, 2007) ("The Complaint is completely unclear and it would be impossible for the defendants to know how or for what they are being sued and cannot be reasonably expected to respond.").

Because the allegations in the Amended Complaint as a whole are unintelligible, Monroe County Defendants are unable to determine what defenses may apply, including absolute, qualified and legislative immunity.

In an attempt to comply with Rule 12(e) by pointing out the defects, Monroe County Defendants offer the following:

(a) Monroe County Defendants are named inconsistently throughout the complaint;

(b) The Plaintiff must clarify which violations apply to the Monroe County Defendants. Currently, the descriptions in various parts of the Amended Complaint are inconsistent. *Compare, e.g.,* Am. Complaint ¶ 129 (stating that Monroe County

Defendants violated his rights under 42 U.S.C. § 1985) with Am. Complaint ¶ 179 (stating that "Group LE" conspired against him, and describing Group LE as consisting of state court judges, the Sheriff and several deputies, and the Florida Department of Financial Services, but not the Monroe County Defendants).

## Conclusion

For all of the reasons stated above, Monroe County Defendants respectfully request that this Court grant their Motion to Dismiss and that the Plaintiff's Amended Complaint be dismissed, or in the alternative, that the Motion for More Definite Statement be granted.

Respectfully submitted,

Dated: March 12, 2020    MONROE COUNTY ATTORNEY'S OFFICE
1111 12th St., Suite 408
Key West, FL 33040
Tel: (305) 292-3470
Fax: (305) 292-3516
Hall-cynthia@monroecounty-fl.gov


BY: /s/          Cynthia L. Hall
    Cynthia L. Hall, Assistant County Attorney
    Florida Bar No. 34218

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I further certify that I either served the foregoing document via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants or I mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants.

> MONROE COUNTY ATTORNEY'S OFFICE
> 1111 12th St., Suite 408
> Key West, FL 33040
> Tel: (305) 292-3470
> Fax: (305) 292-3516
> Hall-cynthia@monroecounty-fl.gov
>
>
> BY: /s/   Cynthia L. Hall
> Cynthia L. Hall, Assistant County Attorney
> Florida Bar No. 34218
> Attorney for Monroe County Defendants

### Service List

Plaintiff Valentin Spataru
c/o Center for Independent Living
103400 Overseas Highway #243
Key Largo, FL 330307
valespa@outlook.com
valentin.spataru.macc.cpa@gmail.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Valentin Spataru )
c/o CILK - Center for Independent Living )
103400 Overseas Hwy. #243, Key Largo, FL 33037 )
Mobile cell phone: 305 615 0061, )
valespa@outlook.com )
*Plaintiff(s)* )
v. )
)
Rick Ramsay, et al. )
)
)
)
*Defendant(s)* )

RECEIVED

FEB 2 7 2020

MONROE COUNTY ATTORNEY

Civil Action No. 19-CV-10132-KING

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Mayor/Commissioner Office and Commissioner Sylvia Murphy, City of Key Largo, 102050 O/S Highway, Suite 234, Key Largo, FL 33037; Phone: (305) 453-8787, boccdis5@monroecounty-fl.gov, represented by Bob Shillinger, County Attorney, Shillinger-Bob@monroecounty-fl.gov, 1111 12th St. Suite 408, Key West, FL 33040, Ph: (305) 292-3470

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Valentin Spataru
c/o CILK - Center for Independent Living
103400 Overseas Hwy. #243, Key Largo, FL 33037
Mobile cell phone: 305 615 0061, valespa@outlook.com,
valentin.spataru.macc.cpa@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: 02/18/2020

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

Exhibit A, 2 Pages Total

AO 440 (Rev 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: