## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CIVIL DIVISION

VALENTIN SPATARU,

     Plaintiff,

                                  No. 4:19-cv-10132-KMM

v.

RICK RAMSAY, ET. AL.,

     Defendants.

_____/

### SENATOR ANITERE FLORES'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Senator Anitere Flores ("Senator") moves this Court to dismiss Plaintiff's Amended Complaint on the grounds of legislative immunity or, in the alternative, to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted and would show:

1.     On February 19, 2020, the Plaintiff filed an amended complaint alleging a laundry list of claims under various federal statutes and constitutional provisions. (*See*, ECF 11, att. A)

2.     The Complaint is incoherent and rambling, discussing various confrontations with law enforcement, conspiracy theories involving Pontius Pilate, the Rothschild family, organized crime and other historical figures, and various complaints

against local government officials. These are presented in no rational order and are not meaningfully plead to support any of his claims.

3.      As it relates to Senator Flores in particular, no claims are made against her and she is not mentioned anywhere in the Complaint proper.

4.      Instead the Complaint makes reference to "legislators" who are unnamed. One example is on page 8 of the Complaint in paragraph 23 where the Plaintiff alleges:

> The legislators -1 call them J. Legislator 1-? or Group Legislators-who conspired to enslave many lawful citizens, and voted laws which were against the U.S. Constitution, for example, voted against the provision of the services of the Public Defender free of charge as US Constitution requires, they acted under color of state or local law and injured me unreasonably;

5.      There are sporadic mentions of legislators throughout the complaint mostly referring to voting against Public Defender funding or asking the Court to require the passage of particular laws. (*See* ECF 11, pp. 27, 31, 38, 46)

6.      The only reference to Senator Flores comes on page 61 of the Complaint where the Plaintiff in his certificate of service has the following:

> 10. The legislators, J. Legislator l -?, who voted laws which were against the U.S. Constitution. I ask the state legislators of my district to identify and serve all the individuals who are guilty; I ask legislator Senator Anitere Flores, … and Representative Holly Raschein, …

7.      In other words, the Plaintiff does not allege Senator Flores did anything to violate his rights but wants her to identify and serve with his lawsuit those legislators who did.

8.      The supposed legislative acts in questions are never identified with any particularity, no date is given as to when they occurred, nor is it ever explained how they violated the Plaintiff's rights.

**MEMORANDUM OF LAW IN SUPPORT**

**I.      The claims against "legislators" should be dismissed as fictitious-party pleading**

The Complaint does not name the legislators who took the act that Plaintiff complains of, does not identify what the vote was that he is complaining of, or the date the act took place. Senator Flores is not named as the person who took the alleged act, but she is instead charged to "identify and serve all the individuals who are guilty." (*See* ECF 11 p. 61).  Fictitious-party pleading in not permitted in Federal court unless the plaintiff's description is highly specific. *See Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010). The Plaintiff has not adequately identified who the supposed malefactors are in this case, and he cannot evade that responsibility by naming Senator Flores.

## II.     The Complaint should be dismissed for failure to state a claim for which relief can be granted.

In determining whether to grant a motion to dismiss a court must accept the factual allegations in the complaint as true and draw all reasonable inferences in his favor. *See Franklin v. Curry*, 738 F.3d 1246, 1248 (11th Cir. 2013). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must contain sufficient factual matter, to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, at 570). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a complaint must state a claim that is plausible on its face. *Id*., quoting *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation." *Carlson v. United States*, 754 F.3d 1223, 1229 (11th Cir. 2014), quoting *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir.1982). A "plaintiff must

4

plead 'either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Mack v. City of High Springs*, 486 F. App'x 3, 6 (11th Cir. 2012), quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir.2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679, citing Fed. R. Civ. P. 8(a)(2).

The incoherent, rambling nature of the Complaint in the instant case fails to follow the clear pleading requirements of Federal rules. The defendants are not given clear notice of the claims against them, what facts apply to what claims, and what remedy is sought. It is not even entirely clear when events happened so it may be that there are claims that go beyond the four year statute of limitations that applies to most of the claims the Plaintiff mentions.

### III.   Senator Flores is entitled to legislative immunity against Plaintiff's claims.

State legislators enjoy an immunity from civil liability for their legislative acts. *See Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 732 (1980). Legislative immunity is recognized to reinforce the independence of the legislative branch and "ensure that it will be able to perform the whole of the legislative function ceded to it by the Constitution free of undue interference." *Bryant v. Jones*, 575 F.3d 1281, 1304 (11th Cir. 2009) (citing *Eastland v. U.S.*

*Servicemen's Fund*, 421 U.S. 491, 502, 95 S.Ct. 1813, 1820, 44 L.Ed.2d 324 (1975)). It is well established that legislative immunity is grounds for a motion to dismiss. *See Woods v. Gamel*, 132 F.3d 1417, 1420 (11th Cir. 1998).

To claim protection under legislative immunity, it must be shown that "such immunity is justified for the governmental function at issue." *Bryant v. Jones* (quoting *Hafer v. Melo*, 502 U.S. 21, 28-29, 112 S.Ct. 358, 363 116 L.Ed.2d 301 (1991)). It is well established that "[i]t is the nature of the act which determines whether legislative immunity shields the individual from suit." *Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1062 (11th Cir. 1992). Generally, inquiry is prohibited into things done in a session of the House by one its members in relation to business before it or in the performance of official duties. *See U.S. v. Brewster*, 408 U.S. 501, 512-513, 92 S.Ct. 2531, 2538, 33 L.Ed.2d 507 (1972). To be considered legislative in nature, the Supreme Court has stated the action must be an "integral part of the deliberative and communicative process by which Members participate in committee and [] proceedings with respect to…matters which the Constitution places within the jurisdiction of either House." *Gravel v. U.S.*, 408 U.S. 606, 625 (1972).

Voting on state appropriations and funding public office is a legislative act. *See Yeldell v. Cooper Green Hosp., Inc.* at 1062 (finding voting, speech making on the floor, preparing committee reports, and participating in committee proceedings

6

are all generally deemed legislative in nature); *see also Larsen v. Senate of Pennsylvania*, 152 F.3d 240, 252-54 (3rd Cir. 1998) (holding impeachment proceedings were legislative acts to which legislative immunity applied); *see also Woods v. Gamel*, 132 F.3d 1417, 1420 (11th Cir. 1998) (quoting *DeSisto College, Inc. v. Line*, 888 F.2d 755, 765 (11th Cir. 1989)) (stating voting, debate and reacting to public opinion are manifestly in furtherance of legislative duties). The Court does not need to look beyond the legislator's formal actions to consider whether they were legislative in nature. *See Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998).

Legislative immunity—like sovereign immunity—is absolute. It attaches to all actions taken "in the sphere of legitimate legislative activity." *Tenney* at 376. "The privilege of absolute immunity 'would be of little value if [legislators] could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives." *Bogan v. Scott Harris,* 523 US 44, 54-55, 118 S.Ct. 966, 972-973, 140 L.Ed. 2d 79 (1998) (quoting *Tenney* at 377) (internal quotations omitted). Furthermore, the U.S. Supreme Court has stated "it simply is 'not consonant with our scheme of government for a court to inquire into the motives of legislators.'" *Id*. at 55. Therefore, any alleged facts that suggest an

improper motive do not destroy the privilege. *See Bryant* at 1307 (quoting *Tenney* at 377).

The Eleventh Circuit has noted the purpose of legislative immunity is "to free legislators from such worries and distractions, it makes sense to apply the doctrine regardless of the capacity in which a state legislator is sued." *Scott v. Taylor,* 405 F.3d 1251, 1256 (11th Cir. 2005). The Plaintiff is asking the Court to order a state legislator to pass certain law and investigate other past legislative actions which are not even viable forms of relief. Legislative immunity bars this type of claim and relief so the Court should dismiss this action.

## CONCLUSION

The Complaint should be dismissed under Fed. R. Civ. Pro. 12(b)(6) because the Plaintiff fails to state a claim upon which relief can be granted. Furthermore, no amendment or further proceedings should be permitted because Senator Flores enjoys Legislative Immunity for the claims being brought.

Respectfully submitted,

*/s/ Daniel E. Nordby*
DANIEL E. NORDBY (FBN 14588)
SHUTTS & BOWEN LLP
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
DNordby@shutts.com

Jeremiah Hawkes (FBN 0472270)
(*pro hac vice* admission pending)
General Counsel
THE FLORIDA SENATE
302 The Capitol
404 South Monroe Street
Tallahassee, Florida 32399-1100
Telephone: (850) 487-5237
Email: hawkes.jeremiah@flsenate.gov

*Counsel for State Senator Anitere Flores*