UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

VALENTIN SPATARU,  CASE NO. 19-CV-10132-KMM

    Plaintiff,

vs.

RICK RAMSAY, et al.,

    Defendants.
_____/

### DEFENDANTS RAMSAY AND KERN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

    The Defendants, RICK RAMSAY, in his official capacity as Sheriff of Monroe County, Florida, and CODY KERN, through undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, file this Motion to Dismiss Plaintiff's Amended Complaint, and in support thereof would state as follows:

    1.    On February 19, 2020, the Plaintiff filed his ninety-nine pages Amended Complaint asserting claims against a number of governmental officials including the Sheriff of Monroe County, Florida as well as Deputy Cody Kern of the Collier County Sheriff's Office. (ECF No. 11). Although Plaintiff's Amended Complaint is difficult to comprehend, it appears the Plaintiff is attempting to assert claims for constitutional violations as well as violations of Florida state law.

    2.    Plaintiff's Amended Complaint fails to comply with the Federal Rules of Civil Procedure's pleading requirements and should be dismissed as an impermissible shotgun pleading.

    3.    Further, any claims against the "Sheriff Department of Monroe County" are properly dismissed in this matter as the "Sheriff Department of Monroe County" is not sui juris and therefore not capable of being sued.

WHEREFORE, it is respectfully requested that this Honorable Court grant Defendants' Motion to Dismiss.

FURTHER, and in support of this Motion, the Defendants would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

### I. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must state a claim for relief which is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). By way of a general proposition, a trial court, when considering a motion to dismiss, must accept all well pled allegations of the Complaint as being true. However, this does not apply to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice." Id. A "formulaic recitation of the elements of a cause of action" will not pass 12(b)(6) muster. Twombly, 550 U.S. at 555. Moreover, "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth--legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement for relief. Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010).

**II.     ARGUMENT**

**1.     Plaintiff's Complaint should be dismissed as an improper shotgun pleading.**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires parties to plead claims and defenses clearly and to separate claims founded on separate transactions or occurrences. Fed. R. Civ. P. 10(b). Failure to comply with these pleading guidelines results in shotgun pleadings, which are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) (acknowledging that "a 'shotgun' approach to litigation . . . leav[es] the court with the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses").  The Eleventh Circuit has identified four types of shotgun pleadings that violate either Federal Rule of Civil Procedure 8(a)(2) or 10(b) as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and material facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted).

As pointed out by the other defendants, Plaintiff's Amended Complaint is neither short nor plain. Instead the Amended Complaint is a combination of rambling incoherent conspiracy theories, unintelligible legal arguments, and disparate factual allegations. As a result, it is impossible for the Defendants to formulate a responsive pleading or to determine what defenses might be available to defend against Plaintiff's claims.[1]

Plaintiff's Amended Complaint should be dismissed as a shotgun pleading.

**2.    The "Sheriff Department of Monroe County" is not a proper defendant.**

Plaintiff's Amended Complaint names the "Sheriff Department of Monroe County" as a defendant. This is error. In Florida, a County Sheriff's Office is not sui juris and therefore is not capable of being sued. Florida Statute § 768.28(9) states that the exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be against the constitutional officer of which the officer, employee of agent is an employee. See Ramirez v. Hillsborough County Sheriff's Office, 2011 WL 976389, at *1-2 (M.D. Fla. 2011). Therefore, to the extent Plaintiff brings claims against the "Sheriff Department of Monroe County," those claims should be dismissed with prejudice.

---

[1] Plaintiff's factual allegations were the subject of a lawsuit the Plaintiff previously filed in state court which was dismissed with prejudice as alluded to in the Plaintiff's Amended Complaint and in the exhibits thereto. Plaintiff's claims here likely are largely if not entirely barred by res judicata. That being said, due to the incoherent nature of the Amended Complaint, it is impossible to determine whether all or some of Plaintiff's claims here are barred.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court enter an Order dismissing Plaintiff's Amended Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of March 2020, a true and correct copy hereof has been electronically filed with the Clerk of Court using the CM/ECF, which will send notice of electronic filing to Pro Se Plaintiff, **VALENTIN SPATARU**, CILK, Center for Independent Living, 103400 Overseas Hwy #243, Key Largo, FL 33037 at valespa@outlook.com; to DANIEL E. NORBY, ESQUIRE, Shutts & Bowen, LLP., 215 South Monroe Street, Suite 804, Tallahassee, Florida 32301 at Dnordby@shutts.com; and to **JEREMIAH HAWKES, ESQUIRE,** The Florida Senate, 302 The Capitol, 404 South Monroe Street, Tallahassee, Florida 32399 at hawkes.jeremiah@flsenate.gov, co-counsel and counsel for State Senator Anitere Flores; to **MEGHAN BOUDREAU DAIGLE, ESQUIRE**., Senior Assistant Attorney General, Office of the Attorney General, PL-01 The Capitol, Tallahassee, Florida 32399, Meghan.Daigle@myfloridalegal.com, stevi.parker@myfloridalegal.com, counsel for Honorable Luis Garcia, Circuit Judge; Honorable (former county judge) William R. Ptomey and the Sixteenth Judicial Circuit Court and to **CYNTHIA L. HALL, ESQUIRE,** Monroe County Attorney's Office, 1111 12th Street, Suite 404, Key West, Florida 33040, Hall-cynthia@monroecounty-fl.gov, counsel for Defendants Monroe County, Roman Gastesi, Sylvia Murphy and Bob Shillinger.

>
> PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
> Attorneys for Defendants **RAMSAY and KERN**
> 2455 East Sunrise Boulevard, Suite 1216
> Fort Lauderdale, Florida 33304
> Telephone: (954) 462-3200
> Telecopier: (954) 462-3861
> E-mail: Greg@purdylaw.com
>         Cecilia@purdylaw.com
>
> BY:    */s/ Gregory J. Jolly*
>        GREGORY J. JOLLY
>        Fla. Bar No.: 118287