# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### KEY WEST DIVISION

VALENTIN SPATARU,

     Plaintiff,

v.                                  Case No. 4:19-CV-10132-KMM

THE HONORABLE WILLIAM R. PTOMEY, JR.,
COUNTY JUDGE, et. al.,

     Defendants.

_____/

## DEFENDANTS [JUDGE PTOMEY, JUDGE GARCIA, AND THE SIXTEENTH JUDICIAL CIRCUIT] MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, The Honorable Luis Garcia, Circuit Judge ("Judge Garcia"); The Honorable William R. Ptomey, (now former) County Judge ("Judge Ptomey"); and the Sixteenth Judicial Circuit, Monroe County ("Sixteenth Judicial Circuit")[1] move this Court to dismiss the Amended Complaint [D.E. 11] with prejudice and state as follows:

---

[1] The three Defendants will collectively be referred to as "Defendants" and the two Judges will be referred to as "Judges."

## INTRODUCTION

### I.     The Complaint

Plaintiff cited various laws in reference to his complaint, without specifying which Defendants violated these laws. The Plaintiff's complaint arises out of an incident on August 11, 2015 for unlawful swimming. [Complaint at 14, 15, 47, 67] Plaintiff claimed the arrest was unlawful and that he was not engaged in unlawful swimming. *Id.* at 14, 15, 47. He was not trespassing or engaging in illegal lobstering. *Id.* Plaintiff stated he never tried to catch lobsters and there are no lobsters in Tarpon Basin. *Id.* Plaintiff was arrested for trespass and put in a non air-conditioned patrol car and, when he arrived at the jail, he was not allowed to call for help to pay bail and was thus detained for six days. *Id.* Plaintiff alleged the law enforcement officer arresting him had no probable cause and used cruel and unreasonable force. *Id.*

On pages of the Complaint that included the Defendants, Plaintiff stated Defendants acted under color of state or local law, and failed to engage in proper investigations, and judicial and legal services, which injured Plaintiff. *Id.* at 3, 8-9, 28, 56. Plaintiff stated Defendants had conflicts of interest with him, had embezzled from him, and also conspired against him. *Id.* at 49. It was also 'diabolical and satanic' for Defendants to violate his rights. *Id.* at 32.

In regard to Judge Ptomey, the Plaintiff pled no contest to the allegations of trespass and adjudication was withheld on August 26, 2015. *Id.* at 67. Plaintiff stated Judge Ptomey had a "duty to exercise reasonable care in the investigation, handling and treatment of Mr. SPATARU, and failed to exercise that standard of care expected and required in Key Largo, in FL, in the USA, and in the other countries of the United Nations." *Id.* at 14. Plaintiff alleged a corrupt interest on behalf of Judge Ptomey and conspiracy. *Id.* at 19, 44, 49. Plaintiff stated that he did not act on time to appeal Judge Ptomey's ruling because Judge Ptomey's order was confusing. *Id.* at 21, 32. Plaintiff stated the lack of a transcript of the proceedings with Judge Ptomey violated his constitutional rights. *Id.* at 24. Plaintiff stated Judge Ptomey did not inquire as to why he was swimming (for therapy), nor whether he planned to catch lobsters, and the Judge should have done so. *Id.* at 25. Plaintiff alleged Judge Ptomey did not provide proper ethical judicial services, causing injury to Plaintiff, while also alleging he was excluded from the benefit of being involved in the court system. *Id.* at 28, 31. Plaintiff complained that he was swimming lawfully and should not have been deemed a trespasser by Judge Ptomey. *Id.* at 40, 41. Plaintiff stated Judge Ptomey did not allow him to have an attorney, a jury trial, or to present witnesses. *Id.* at 45, 46, 47.

As to Judge Garcia, Plaintiff claimed Judge Garcia 'blamed' his decision finding against Plaintiff on a lack of transcript, but Judge Garcia should have known

that he could reconstruct the hearing transcript. *Id.* at 19. He claims that this alleged action taken by Judge Garcia should be investigated for conspiracy. *Id.* Judge Garcia also allegedly dismissed Plaintiff's claim for failure to appeal the criminal decision on time, despite Plaintiff's stress. *Id.* at 39.

Plaintiff's complaint included the Court Minutes of the case with Judge Ptomey, Case No.: 15-MM-719 AP, where the Plaintiff voluntarily pled nolo contendre to the trespass charge. *Id.* at 67. Plaintiff also included another case filed by him against the Monroe County Sheriff's Office, presided over by Judge Ptomey, Case No.: 15-SC-114, a small claims case. *Id.* at 66. Plaintiff included an Order in Case No.: 2016-CA-000704, signed by Judge Garcia, dismissing Plaintiff's action because he pled no contest and cannot now bring a false arrest action. *Id.* at 65.[2]

There are no specific allegations as to the Sixteenth Judicial Circuit. There are numerous other allegations in the Complaint regarding other cases filed by Plaintiff, law enforcement, hotel employees, Monroe County, commissioners, and legislators.

Plaintiff also included allegations citing alleged facts about world wars, the September 11 attacks, family dynasties, 5G, and anthrax. The majority of this material is found from pages 70-98 of the Complaint.   Plaintiff further requests

---

[2] All cases filed by Plaintiff in Monroe County, Florida, are publicly available on internet page https://www.monroe-clerk.com/Cases/Search?caseType=CV&caseTypeDesc=Civil%20Case%20Records and search by typing in the Plaintiff's name.

FBI investigation and testing of officers and administrators throughout the

Complaint.

MEMORANDUM OF LAW

**II.     The Complaint should be dismissed as Defendants have absolute
judicial immunity.**

Defendants have absolute judicial immunity as the actions taken by Defendants

were only those in the scope of their duty as judicial officers and included only

judicial acts. It is well established that judges have absolute immunity for all judicial

acts unless taken in the clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S.

349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct.

1213, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1871);

*Randall v. Brigham*, 7 Wall. 523, 19 L.Ed. 285 (1868).

> …the factors determining whether an act by a judge is a
> "judicial" one relate to the nature of the act itself, i.e., whether
> it is a function normally performed by a judge, and to the
> expectations of the parties, i.e., whether they dealt with the
> judge in his judicial capacity.

*Stump v. Sparkman*, 98 S.Ct. at 1107 (citations omitted).

Judge Ptomey and Judge Garcia, along with the Sixteenth Judicial Circuit,

were at all times acting within their judicial capacity as a County Judge and Circuit

Judge of Monroe County, respectively, presiding over the misdemeanor trespass

case of Plaintiff, Case No.: 15-MM-00719-A-P, the small claims case, Case No.:

5

15-SC-114, and the false arrest action, Case No.: 2016-CA-000704, as cited in the

Plaintiff's complaint.

> Judges are absolutely immune from liability for acts which are judicial
> in nature and that fall within, or even in excess, of their jurisdiction.
> The proper administration of justice depends on a judges' ability to
> act freely on their own convictions without apprehension of personal
> consequences. Immunity prevents judges from dealing with vexatious
> suits brought by disgruntled litigants, …Moreover, parties' rights are
> adequately safeguarded through the legal remedy of correction on
> appeal.

*Hensley v. Alcon Laboratories, Inc.*, 197 F. Supp.2d 548 (S.D. W.V.

2002)(citations omitted)(holding the Judge could not be called to testify

regarding an off-the-record, not recorded, settlement discussion between all

the parties).

The Defendants were at all times acting in their capacity as judicial officers

and had jurisdiction to determine the legal and factual matters before them in the

cases involving Plaintiff. Plaintiff cited to the decisions made by the Judges in the

courtroom, and the usual and customary legal pleadings related to filing a case

with the court, as the basis of his claims against the Defendants. The actions taken

by the Judges as set forth by the Plaintiff in his complaint were clearly within the

Judges' purview. Simply put, the Judges did not rule for Plaintiff, and that is the

basis of his Complaint.[3]

---

[3] And, Plaintiff actually pled no contest in the case with Judge Ptomey and the Court accepted his
plea voluntarily given, so there was no determination 'against' the Plaintiff in that case.

There are no allegations by Plaintiff that he saw or had dealings with the court system or Judges, except as a party before the court. The only acts in question involving the Defendants constitute judicial acts, while acting in their judicial capacities, and as such, Defendants are absolutely immune. The Judges did not act in the clear absence of all jurisdiction or in private or in a non-judicial capacity. Therefore, all claims brought by Plaintiff against Defendants should be dismissed.

### III.   The Complaint against the Defendants fails to state a claim for which relief can be granted.

The Complaint also fails to contain sufficient factual matter to state a claim for relief that is plausible on its face. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent

with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Iqbal*, 556 U.S. at 678.  The Court is not obligated to accept as true legal conclusions, which would include "threadbare recitals of the elements of the cause of action." *Id.* (*citing Twombly*, at 555).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" will not survive a motion to dismiss.  *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Plaintiff's complaint is "to be liberally construed" as it was filed *pro se*. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, 106 (1976). However, the Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)6. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is plausible on its face where the plaintiff pleads facts that the defendant is liable for misconduct alleged. *Id.*

The complaint is not well pled. It certainly does not contain a short and plain statement of the claim showing that Plaintiff is entitled to relief, as is required by Rule 8(a)(2), Federal Rules of Civil Procedure.  It contains various frivolous and unnecessary allegations including citing alleged facts about world wars, the September 11 attacks, family dynasties, 5G, and anthrax. *See, e.g.,* Complaint, D.E. 11, pp. 70-98 of the complaint. And, Plaintiff requests FBI investigation and training

for the Defendants. There are various portions of the complaint that are largely nonsensical.

Since there were insufficient facts to conclude reasonable inferences of misconduct by Defendants, Plaintiff's claims are not plausible. *Iqbal*, 556 U.S. at 678. And, Plaintiff's Complaint fails to comply with Rule 8(a)(2). Therefore, the Complaint against Defendants must be dismissed. *Id.*

## IV. Plaintiff's Complaint should be dismissed, because it is a shotgun pleading.

Rule 8, Federal Rules of Civil Procedure, requires a short and plain statement of the grounds on which the court's jurisdiction rests; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for relief. Fed. R. Civ. P. 8(a).

Shotgun pleadings do not comply with Rule 8. The Eleventh Circuit has described the four categories of shotgun pleadings as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that *commits the sin of not separating into a different count each cause of action or claim for relief.* Fourth, and finally, there is the *relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or*

9

*omissions, or which of the defendants the claim is brought against*. The unifying characteristic of all types of shotgun pleadings is that *they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.*

*Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (emphasis added).  Plaintiff's complaint is a typical "shotgun" pleading and fails to plead sufficient facts to support any claims against the Defendants. *See Odadeinde v. City of Birmingham*, 230 F.3d 1275, 1285-1285 (11th Cir. 2000). The Complaint does not separate into different counts each cause of action or claim for relief.  Instead, Plaintiff bunches together all claims against Defendants. Also, Plaintiff fails to specify which of the defendants are responsible for which acts or omissions, particularly when Plaintiff seems to suggest that all defendants are responsible for everything that happened irrespective of whether the court system was involved.

Plaintiff's Complaint should be dismissed as to Defendants because it is a shotgun pleading, but Plaintiff would be given leave to amend.

**V.     Plaintiff's Claims are Time Barred.**

If this Court should determine that Defendants are not absolutely immune from the Plaintiff's claims, the statute of limitations has passed. Plaintiff's claims arise out of an incident dated August 26, 2015, [Complaint at 14] when Plaintiff was arrested for trespass. It has been more than four years since the arrest, and any claims

10

based on this arrest are time barred by Florida's four-year statute of limitations. *Allen v. King*, 279 Fed.Appx. 847 (11th Cir. 2008).

### VI.    Dismissal should be with prejudice.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint. The district court, however, need not allow an amendment… where amendment would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (citations omitted). Plaintiff should not be allowed to amend his complaint. Any additional amendment would be futile because Defendants are entitled to absolute immunity in regard to liability for acts judicial in nature, as previously stated. Therefore, the Complaint against Defendants should be dismissed with prejudice, and Plaintiff should not be allowed to amend.

<u>CONCLUSION</u>

WHEREFORE, Judge Ptomey, Judge Garcia, and the Sixteenth Judicial Circuit request that this Court enter an order dismissing the Complaint with prejudice.

Respectfully submitted,

ASHLEY MOODY
Attorney General

<u>/s/ *Meghan Boudreau Daigle*</u>
Meghan Boudreau Daigle
Senior Assistant Attorney General
Meghan.Daigle@myfloridalegal.com
Stevi.Parker@myfloridalegal.com

Florida Bar No: 0569321
Office of the Attorney General
PL – 01 The Capitol
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3716
Facsimile: (850) 488-4872

COUNSEL FOR DEFENDANTS,
The Honorable Luis Garcia, Circuit Judge;
The Honorable William R. Ptomey, (now former) County Judge; and the Sixteenth Judicial Circuit, Monroe County

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of March, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered to receive electronic notifications for this case, including the following counsel and plaintiff:

Valentin Spataru, Plaintiff
c/o CILK
103400 Overseas Hwy., #243
Key Largo, FL 33037
valentin.spataru.macc.cpa@gmail.com and
valespa@outlook.com

Cynthia Hall, Esq.
Monroe County Attorney's Office
1111 12th Street Suite 404
Key West, FL 33040
hall-cynthia@monroecounty-fl.gov

Daniel Nordby, Esq.
Shutts and Bowen, LLP.
215 South Monroe Street Suite 804

12

Tallahassee, FL 32301
dnordby@shutts.com

Gregory Jolly, Esq.
Purdy, Jolly, Giuffreda, Barranco & JISA, P.A.
2455 East Sunrise Boulevard Suite 1216
Fort Lauderdale, FL 33304
greg@purdylaw.com

Jeremiah Hawkes, Esq.
The Florida Senate
302 The Capitol
404 South Monroe Street
Tallahassee, FL 32399
hawkes.jeremiah@flsenate.gov

*/s/ Meghan Boudreau Daigle*
Meghan Boudreau Daigle
