UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:19-cv-10132-KMM

VALENTIN SPATARU,

      Plaintiff,

v.

SHERIFF RICK RAMSAY, *et al.*,

      Defendants.

_____/

## ORDER

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. On February 18, 2020, *pro se* Plaintiff Valentin Spataru ("Plaintiff") filed the Amended Complaint for Damages for Violations of Civil Rights ("Am. Compl.") (ECF No. 11) and a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3), which the Court granted (ECF No. 9). Because Plaintiff is proceeding *in forma pauperis*, Plaintiff's Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). *See* 28 U.S.C. § 1915(e)(2).

Pursuant to 28 U.S.C. § 1915(e)(2), a court is permitted to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* § 1915(e)(2). An action is deemed frivolous if "the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' . . . [A] finding of factual frivolousness is appropriate when the facts alleged give rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations omitted); *see also Porter v. Governor of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016).

Under § 1915(e)(2)(B)(i), courts may dismiss claims that are "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A *pro se* litigant is entitled to the court's liberal construction of the complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, even under the liberal construction afforded to *pro se* litigants, the complaint must establish a valid cause of action. *See Petersen v. Smith*, 762 F. App'x 585, 593 (11th Cir. 2019). Even under the relaxed pleading standard afforded to a *pro se* litigant, the Amended Complaint fails to meet the foregoing standards.

The Amended Complaint, which spans ninety-nine (99) pages, is largely incoherent. Plaintiff alleges claims including violation of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; violation of 42 U.S.C. §§ 1983 and 1985; violation of the Racketeer Influenced and Corrupt Organizations Act and the Americans with Disabilities Act; and common-law battery, assault, and intentional infliction of emotional distress. *See generally* Am. Compl. He requests, among other things, damages of "at least $7,200,000;" that the Court instruct the "DOJ, FBI and SEC to compile and post on their websites a list of all the frauds since at least the Independence of the USA . . . [and] a list of all the abusive officials in every country since at least 1800, including all their descendants;" and that the Court "please, prove to God and his, her or its angry angels that you can manage its Earth properly" to avoid future hurricanes. *Id.* at 21, 37, 39. The core of the Amended Complaint is that (1) Plaintiff was wrongfully arrested on August 11, 2015 for unlawful swimming, and (2) that he suffered hyperthermia while being transported to the police station in a police cruiser with no air conditioning, resulting in diminished brain function. *Id.* at 14–16.

The Amended Complaint fails to advance claims that have merit in fact or law. First, many of Plaintiff's claims do not involve Defendants and instead allege acts by other actors for which

Defendants bear no responsibility. *See, e.g.*, *id.* at 22 (alleging Plaintiff suffered "attacks with airborne sound or electromagnetic waves guns, [and] telepathy or brain waves guns"); *id.* at 24 ("[D]ue to my comments, even though constructive, regarding drugs, I have become [organized crime families'] target, [and] I believe that [they] ordered my elimination."); *id.* ("Pedro A. Suarez sold me their small sailboat in 2012, and I gave him and his wife, Svitlana Khramtsova, a $5,000 loan in December 2012 to buy a bigger boat for themselves. They have 'disappeared' and not returned my money."); *id.* at 62 ("[D]ue to my legal actions . . . two persons . . . hit without cause my head again and my face, and caused me more brain issues.").

Second, even Plaintiff's allegations relating to his arrest and subsequent transport to the police station revolve around baseless assertions of a government conspiracy to "torture" him. *Id.* at 17. Baseless, far-fetched, and conclusory allegations of government conspiracies to target innocent citizens are rightly dismissed as frivolous. *See Watson v. Broward Cty. Sheriff's Office*, No. 19-12839, 2020 WL 1672781, at *3 (11th Cir. Apr. 6, 2020) (citing *Denton*, 504 U.S. at 32–33) (affirming the district court's dismissal of claims consisting of "'fanciful,' 'fantastic,' and 'delusional' scenarios wherein the judges, state attorneys, public defenders and law enforcement" conspired against the plaintiff); *Porter*, 667 F. App'x at 767.

Third, Plaintiff does not allege facts that show how each claim applies to any particular Defendant. Rather, Plaintiff indiscriminately attributes each alleged wrong to all twenty (20) Defendants. *See, e.g.*, *id.* at 4, 11 (referring to the "the mental injuries that *the Defendants* caused or aggravated," because Plaintiff was "born in Romania . . . , outside the USA, thus [he is] part of a different racial group from *the Defendants*") (emphasis added). The Amended Complaint does not clearly tie the alleged wrongs to the alleged wrongdoers, especially as to Defendants who are judges, legislators, or other government officials. As such, the Court finds that Plaintiff's

Amended Complaint is subject to dismissal under § 1915(e)(2) because his claims are baseless and delusional.

Accordingly, UPON CONSIDERATION of the Amended Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Amended Complaint for Damages for Violations of Civil Rights (ECF No. 11) is DISMISSED WITH PREJUDICE.[1] The Clerk of the Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of April, 2020.

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c: All counsel of record, Plaintiff, *pro se*

---

[1] Because Plaintiff has already amended his original Complaint, *see* (ECF Nos. 1, 11), and Plaintiff's allegations are frivolous, further amendment of the Amended Complaint is futile. Therefore, dismissal of this case with prejudice is appropriate. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citation omitted) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").